IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARILYN M. BANKS, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| vs. | : | 1:09-CV-0229-CC |
| ACKERMAN SECURITY SYSTEMS, INC., | : : : | |
| Defendant. | : | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Partial Motion to Dismiss [Doc. No. 3]. For the reasons stated herein, the Court **GRANTS** the Partial Motion to Dismiss, which has not been opposed.

**I.     BACKGROUND**

Plaintiff Marilyn M. Banks ("Plaintiff") formerly was employed as a dispatcher for Defendant Ackerman Security Systems, Inc. ("Defendant"),[1] which provides home and business security alarm systems. Plaintiff was employed with Defendant from approximately December 12, 2005 until the termination of her employment on or about October 31, 2007. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") on or about April 25, 2008, alleging that she was terminated because of her age in violation of the Age Discrimination in Employment Act ("ADEA") and because of her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").[2] Plaintiff

---

[1]     Defendant asserts that it has been incorrectly identified by Plaintiff and that its correct identification is GUARDIAN OF GEORGIA, INC.

[2]     Documents referenced in a complaint that are central to the claim asserted may be considered if the contents are not in dispute and the defendant attaches the document to the motion to dismiss. Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007). The Court finds that Plaintiff's Charge of Discrimination meets

specifically stated the following in her Charge of Discrimination:

> I was employed on December 13, 2005, in the position of Central Station Dispatcher. On October 4, 2007, I went to the office to pick up my pay check and I was accused of looking at a co-worker the wrong way. On October 31, 2007, I was discharged.
>
> Tim O'Connor, Manager of Central Station informed me that I was being discharged because of my attitude towards my co-workers in the Central Station and co-workers in other departments.
>
> I believe I have been discrimination against because of my race (African American), in violation of Title VII of the Civil Rights Act of 1964, as amended, and my age (47), in violation of the Age Discrimination in Employment Act of 1967, as amended.

(Doc. No. 3-2 at 10.) Plaintiff raised no other basis for any claim of discrimination with the EEOC other than termination. (See id.)

On October 27, 2008, the EEOC dismissed Plaintiff's Charge of Discrimination and issued Plaintiff a Notice of Right to Sue. Plaintiff then filed the instant Complaint against Defendant on January 27, 2009, alleging, inter alia, that she was terminated in violation of the ADEA. In addition to raising allegations based on her termination, Plaintiff also makes allegations regarding Defendant's alleged failure to promote employees who were over the age of 40. Plaintiff likewise alleges facts that could be construed to support a claim of hostile work environment. Finally, many of the allegations in Plaintiff's Complaint read like allegations that would be made to support a pattern and practice claim of discrimination.

Defendant moves the Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff's claims for failure to promote, hostile work environment, and pattern and practice discrimination. Defendant asserts that Plaintiff did not raise either the failure to promote or the hostile work environment

---

these requirements and that the Court's consideration of the Charge of Discrimination does not convert the motion to dismiss into one for summary judgment. See Howell v. Douglas County School Dist., Civil Action No. 1:07-CV-1873-TWT, 2008 WL 1815587, at *4 (N.D. Ga. Apr. 21, 2008) (finding that a charge of discrimination could be considered without converting a motion for judgment on the pleadings into a summary judgment motion).

claim in her charge of discrimination filed with the EEOC and that the claims are therefore unexhausted and subject to dismissal for lack of subject matter jurisdiction. Defendant further maintains that Plaintiff is procedurally barred from bringing a claim for pattern and practice discrimination.

## II. STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a complaint can be dismissed if the court does not have subject matter jurisdiction over the matter. Fed. R. Civ. P. 12(b)(1). Likewise, under Federal Rule of Civil Procedure 12(b)(6), a complaint can be dismissed if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994) (citation omitted).

Although a party's failure to comply with the mandatory conditions precedent to bringing an employment action is an affirmative defense, the issue may be raised by a Rule 12 motion when the facts giving rise to the defense are clear from the pleadings. See Howell, 2008 WL 1815587, at *4-5 (granting motion for judgment on the pleadings and dismissing claims for failure to exhaust administrative remedies); see also Watson v. Republic Airlines, Inc., 553 F. Supp. 939, 943 (N.D. Ga. 1982) ("Even though the filing requirements are not jurisdictional in nature, they are necessary prerequisites-conditions precedent-to filing a claim in federal court.").

## III. ANALYSIS

The ADEA requires a plaintiff to exhaust all available administrative remedies by filing a Charge of Discrimination with the EEOC before filing a private lawsuit. See 29 U.S.C. § 626(d). In that regard, in employment discrimination actions, a plaintiff's judicial complaint is limited to "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Mulhall v. Advance Sec., Inc., 19 F.3d 586, 589 n.8 (11th Cir. 1994) (citation omitted);

see also Williamson v. International Paper Co., 85 F. Supp. 2d 1184, 1195 (S.D. Ala. 2000) ("The starting point for determining the permissible scope of a judicial complaint is the administrative charge and investigation."). "The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" Gregory v. Goergia Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 929 (11th Cir. 1983)). Alleged acts of discrimination that are raised for the first time in a judicial complaint are inappropriate and should be dismissed for failure to exhaust administrative prerequisites. See, e.g., Mulhall, 19 F.3d at 589 n.8; Evans, 696 F.2d at 928-29.

Plaintiff's claims for failure to promote and hostile work environment are due to be dismissed pursuant to Rule 12(b)(6), as Plaintiff has not exhausted her administrative remedies with respect to either claim.[3] Here, Plaintiff's Charge of Discrimination specifically enumerated one claim of discrimination, which was for termination. In contrast, Plaintiff's Complaint contains additional age-based discrimination allegations related to promotions and an alleged hostile work environment. As these allegations were absent from Plaintiff's Charge of Discrimination and could not reasonably be expected to grow out of the allegations made in the Charge of Discrimination, any failure to promote or hostile work environment discrimination claims that Plaintiff seeks to raise in this litigation must be dismissed based on Plaintiff's failure to exhaust her administrative remedies.

---

[3] The Court dismisses these claims pursuant to Rule 12(b)(6) rather than Rule 12(b)(1) because exhaustion of administrative remedies is not a jurisdictional prerequisite. See Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1003-1010 (11th Cir. 1982) ("the filing of an EEOC charge is not a jurisdictional prerequisite"); Crawford v. Winter, No. 2:07-cv-702-FtM-29SPC, 2008 WL 3260509, at *1 (M.D. Fla. Aug. 7, 2008) (considering motion to dismiss for failure to exhaust administrative remedies pursuant to Rule 12(b)(6) rather than Rule 12(b)(1)).

Plaintiff's pattern and practice claim, to the extent one is asserted, also is due to be dismissed. A pattern and practice case asserts that the alleged disparate treatment of the plaintiff was part of an employer's larger general discriminatory treatment of other members of plaintiff's protected class. See International Brotherhood of Teamsters v. United States, 431 U.S. 324, 336, 97 S. Ct. 1843, 52 L. Ed. 2d 396 (1977). The Eleventh Circuit has held that pattern and practice cases only may be brought by the EEOC or a class of plaintiffs. EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1286-87 (11th Cir. 2000). The case at bar has not been brought by the EEOC, nor is Plaintiff part of a larger class of plaintiffs. Therefore, based on the binding precedent of the Eleventh Circuit, Plaintiff may not bring a pattern and practice claim.[4]

## IV. CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant's Partial Motion to Dismiss [Doc. No. 3] and **ORDERS** that any failure to promote, hostile work environment, and/or pattern and practice claims of discrimination that Plaintiff raises or seeks to raise in this action are hereby **DISMISSED**.

SO ORDERED this 10th day of April, 2009.

s/ CLARENCE COOPER

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

---

[4] Even if Plaintiff could bring a pattern and practice claim of discrimination, this claim also has not been exhausted and would be due to be dismissed on this ground, too. See Carter v. Norfolk Southern Ry. Co., No. 4:06-CV-58 (CDL), 2007 WL 1704456, at *2-3 (M.D. Ga. June 11, 2007).